**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00192-001-TUC-RCC (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Rafael Adrian Arvayo-Lopez, | |
| Defendant. | |

Before the Court is Defendant Rafael Arvayo-Lopez's Motion for Adjustment of Sentence pursuant to Amendment 821. (Doc. 41.) The Federal Public Defender filed a notice indicating it would not supplement Defendant's pro se filing. (Doc. 42.) For the reasons stated herein, the Court denies the motion.

**I.     Amendment 821**

In November 2023, Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.") went into effect retroactively. U.S.S.G. § 1B1.10. Part A of Amendment 821 reduced the number of status points applied to a defendant's criminal history. *Id.* "Status points" are points added when (1) a defendant received seven or more criminal history points, and (2) the current offense occurred while serving a sentence for a different offense. *Id.* at § 4A1.1(e); U.S. Sent'g Guidelines Manual suppl. to app. C, amend. 821 (U.S. Sent'g Comm'n 2023). A defendant who has six or fewer criminal history points under U.S.S.G. §§ 4A1.1(a)–(d) now receives no status points. U.S.S.G § 4A1.1(e). A defendant who has seven or more criminal history points will now only receive one status

point instead of two. *Id.*

In addition, under Part B of Amendment 821, an offender who received no criminal history points ("zero-point offender") can receive a two-level decrease in offense level. *Id.* at § 4C1.1(a). However, Part B does not permit a two-level decrease when:

1. Defendant used "violence or credible threats of violence in connection with the offense;"
2. The offense "result[ed] in death or serious bodily injury;"
3. Defendant's instant offense was a sex offense;
4. The offense caused substantial financial hardship;
5. Defendant was in possession of a dangerous weapon during the offense;
6. Defendant was "engaged in a continuing criminal enterprise";
7. The offense involved individual rights under § 2H1.1;
8. Defendant received an adjustment under either § 3A1.4 (Terrorism); § 3A1.1 § 3A1.6, or § 3B1.1.

*Id.*

## II.  Discussion

Defendant pleaded guilty to one count of Conspiracy to Possess with Intent to Distribute Marijuana. (Doc. 26.) The plea agreement included a stipulated 84-month term of incarceration. (*Id.*)

The presentence report calculated Defendant's total offense level as 30, determined Defendant had 6 criminal history points for two prior marijuana convictions, and added 2 status points because Defendant committed the instant offense while under a criminal justice sentence. (Doc. 34 at 9–11.) An offense level of 30 with 8 criminal history points placed Defendant a criminal history category IV. (*Id.* at 10.) This resulted in a guidelines range of 135–168 months' incarceration. (*Id.* at 17.) The Court adopted the presentence report (Doc. 38) and sentenced Defendant to the stipulated 84 months' incarceration (Doc. 39).

Defendant believes he should be afforded a two-level reduction in offense level because he had no criminal history points. (Doc. 41.) This assertion is incorrect. Defendant received 6 criminal history points for prior convictions and is not entitled to a reduction under Section B of Amendment 821.

      Furthermore, Defendant is not entitled to relief under Section A of Amendment 821. Under the United States Sentencing Guidelines, a defendant's sentence cannot be reduced if—when applied—the amended sentence "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Even if the Court subtracted the two status points pursuant to Amendment 821 Section A, an offense level 30 with six criminal history points (a criminal history category III) would result in sentencing range of 121–151 months' incarceration. Defendant was sentenced well below the amended range.

      Accordingly, IT IS ORDERED Defendant Rafael Arvayo-Lopez's Motion for Adjustment of Sentence pursuant to Amendment 821 is DENIED. (Doc. 41.)

      Dated this 9th day of April, 2024.

_____
Honorable Raner C. Collins
Senior United States District Judge